# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANTHONY DISMUKE
            **Petitioner-Defendant,**

            v.                                      **Case No. 12-C-0641**
                                                    **(Criminal Case No. 07-CR-81)**

UNITED STATES OF AMERICA
            **Respondent-Plaintiff.**

## RULE 4 ORDER

Pursuant to 28 U.S.C. § 2255, petitioner Anthony Dismuke moves to vacate his 180 month sentence for felon in possession of a firearm, as an armed career criminal. 18 U.S.C. §§ 922(g)(1) & 924(e). He argues that his lawyer provided ineffective assistance of counsel in failing to challenge false information used to obtain the search warrant pursuant to which the police seized the firearm.

## I. BACKGROUND

The facts of the case are set forth in the decision of the court of appeals affirming petitioner's conviction and sentence:

> On January 28, 2007, Milwaukee Police Officer Anthony Randazzo applied for a warrant to search the home of Anthony Dismuke for evidence of illegal firearms possession. The affidavit Randazzo submitted in support of the application relied primarily on information the officer had received from a confidential informant. The affidavit, however, provided no information about the informant other than the officer's assertion that he was "reliable."

> Randazzo began his affidavit with the customary explanation of his law-enforcement experience: He was a 15-year veteran of the Milwaukee Police Department and had extensive training and experience working on firearms investigations and with confidential informants. He then related the following information about Dismuke: On January 27, 2007, Randazzo was contacted by

a "reliable" confidential informant who reported that Dismuke, a felon, was in possession of "at least three firearms." More specifically, the informant told Randazzo that Dismuke lived at 2528 W. Locust Street in Milwaukee and that within the last week, the informant had seen Dismuke at his Locust Street home in possession of a shotgun and two handguns. Randazzo asked the informant if he could identify Dismuke from a photograph and the informant did so. Randazzo also verified that the informant could distinguish between different types of firearms.

Randazzo then consulted court records and confirmed that Dismuke had prior felony convictions; the affidavit listed the offenses, case numbers, and dates of several of the convictions. Randazzo also checked the Wisconsin Department of Transportation driver's license database, which confirmed that Dismuke lived at the address provided by the informant. Randazzo then went to the Locust Street residence and located an automobile registered to Dismuke parked behind the house. Finally, the affidavit provided a description of the house, explained the need to keep the informant's identity confidential, and requested no-knock authorization.

A Milwaukee County Court Commissioner reviewed Randazzo's affidavit that same day, found probable cause, and issued a warrant to search Dismuke's home for evidence of unlawful possession of firearms. Officers executed the warrant the next day and recovered two handguns, ammunition, and documents identifying the residence as Dismuke's. The case was referred to federal authorities, and Dismuke was indicted for possessing firearms as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He moved to suppress the evidence from the search, arguing that Randazzo's affidavit was insufficient to support probable cause. The district court denied the motion. The court concluded first that there was probable cause to support the issuance of the warrant, and in the alternative, the search was saved by the good-faith exception articulated in United States v. Leon, 468 U.S. 897 (1984).

Dismuke was convicted following a jury trial, and his presentence report ("PSR") recommended that he be sentenced as an armed career criminal, see 18 U.S.C. § 924(e), based on three Wisconsin convictions that qualified as "violent felonies" under the ACCA. The three convictions were: (1) armed robbery; (2) burglary; and (3) vehicular fleeing from an officer. Dismuke objected to the PSR's conclusion that his conviction for fleeing was a violent felony. The district court adopted the PSR's recommendation, found that Dismuke had three violent-felony convictions, and imposed the ACCA's mandatory minimum sentence of 15 years.

United States v. Dismuke, 593 F.3d 582, 585-86 (7th Cir. 2010), cert. denied, 131 S. Ct. 3018

(2011).

On appeal, petitioner challenged the denial of his motion to suppress and his designation as an armed career criminal. On the suppression issue, he argued that the search warrant affidavit failed to establish probable cause because Randazzo did not to corroborate the informant's information. Id. at 586. The court of appeals gave no weight to Randazzo's conclusory statement that the informant was "reliable" but nevertheless found the warrant valid, stating:

> The totality of the circumstances before the commissioner included the fact that the informant had contacted Randazzo and reported that he personally observed Dismuke at his home in possession of three specific firearms – a shotgun and two pistols – within the last week. The informant was able to distinguish between different types of firearms and correctly identified Dismuke's photo. The address he said was Dismuke's checked out. Although Randazzo did not identify the informant or bring him before the court commissioner for live testimony, the informant did subject himself to prosecution for making false statements to law enforcement by coming to Randazzo with information about Dismuke. In all, we think the affidavit is sufficient, albeit just barely, to sustain the court commissioner's issuance of the search warrant.

Id. at 588. Alternatively, the court found that the good-faith exception applied. Id. Petitioner also argued on appeal that he was entitled to a hearing under Franks v. Delaware, 438 U.S. 154, 155-56 (1978), which requires the defendant to make a "substantial preliminary showing" that (1) the search warrant affidavit contained materially inaccurate information; and (2) the police knew the information in the affidavit was false or acted in reckless disregard of its truth. United States v. Amerson, 185 F.3d 676, 688 (7th Cir. 1999). The court of appeals rejected this argument in a footnote, stating:

> Dismuke has not come close to making this showing. He has not identified any materially inaccurate or false information in the affidavit. Rather, he argues only that his address listed in the state driver's license records was five years old and the automobile registration on the car behind his home had expired. This is not enough to suggest that the address the informant gave Randazzo was inaccurate or that Randazzo acted in reckless disregard for its accuracy.

3

Id. at 588 n.1.

Finally, the court of appeals held that petitioner's Wisconsin fleeing conviction qualified as a violent felony under the ACCA. The court therefore affirmed the sentence as well. Id. at 588-96.

## II. SECTION 2255

### A. Applicable Legal Standards

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 does not serve as a substitute for or do-over of a direct appeal, Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), and provides relief based only on legal errors that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice, e.g., United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992). Claims previously raised and rejected on direct appeal are barred from collateral review absent some good reason for reexamination, and claims omitted on appeal may be considered on collateral review only if the petitioner can show good cause for failing to raise the issue previously and actual prejudice based on the alleged error. See, e.g., Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005). Further, courts have noted that under the rule of Stone v. Powell, 428 U.S. 465 (1976), a prisoner may not obtain collateral relief on a Fourth Amendment claim if he was able to fully and fairly litigate the claim directly. See, e.g., Owens v. United States, 387 F.3d 607,

4

609 (7th Cir. 2004).

However, ineffective assistance of counsel claims may be raised for the first time under § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003). In order to establish such a claim, the petitioner must show that his lawyer performed deficiently and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 688 (1984). When an ineffective assistance claim is based on counsel's failure to present a motion to suppress, the petitioner must show that the motion was meritorious. United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005); see also Owens, 387 F.3d at 610 (permitting an ineffective assistance claim based on counsel's failure to properly litigate a motion to suppress based on an alleged Fourth Amendment violation, despite the rule of Stone).

## B.    Preliminary Review

The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response. . . .

Rule 4(b), Rules Governing Section 2255 Proceedings. Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). The court may likewise dismiss a motion without a hearing if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

5

### III. ANALYSIS

As his sole ground for § 2255 relief, petitioner argues that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure." (Motion [R. 1] at 5.) As supporting facts, he states:

Law enforcement obtained a search warrant based largely on information from a confidential informant. Prior to trial my attorney filed two motions to suppress challenging the sufficiency of the warrant. My lawyer did not request an evidentiary hearing to challenge the truthfulness of the informant's information despite the fact that the information regarding my earlier possession and fail [sic] of weapons at a particular residence was totally false. The motions to suppress did claim that the informant's information in the search warrant affidavit was not corroborated by the police but the motions did not seek a hearing with respect to the officers' actions in failing to adequately corroborate the informant's tip. The officers inclusion of the informant's false facts and the officer's failure to corroborate the information showed utter disregard for the truth. My attorney did not effectively represent me in his challenges to the warrant.

(Motion at 5-6.)

Petitioner's claim fails and must be denied without a hearing. As indicated above, petitioner's trial counsel did challenge the warrant, arguing that it failed to establish probable cause because the police did not corroborate the informant's information or otherwise demonstrate his reliability. In ruling on such a motion challenging a search warrant, the court considers only the contents of the affidavit. See United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002). And whether an affidavit establishes probable cause is a question of law, so the district court generally need not hold an evidentiary hearing. See, e.g., United States v. Brown, No. 11-3150, 2012 WL 1862328, at *2 (7th Cir. May 23, 2012); United States v. McGaughy, 485 F.3d 965, 969-70 (7th Cir. 2007). Petitioner provides no authority supporting the notion that effective counsel would have sought a hearing on the officer's efforts to corroborate; nor does he provide any specifics on what such a hearing would have revealed.

6

See Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002) (holding that a § 2255 petitioner must present a detailed and specific affidavit to obtain an evidentiary hearing); see also United States v. Curlin, 638 F.3d 562, 564 (7th Cir. 2011) (holding that district courts are required to conduct evidentiary hearings on a motion to suppress only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion; in order to be granted an evidentiary hearing, the defendant's allegations and moving papers must be sufficiently definite, specific, non-conjectural, and detailed).

Petitioner claims that his lawyer should have requested an evidentiary hearing "to challenge the truthfulness of the informant's information" because "the information regarding my earlier possession and fail [sic] of weapons at a particular residence was totally false." As indicated above, in order to obtain a hearing on a claim that the warrant rested on false – as opposed to insufficient – information, the defendant must "make a 'substantial preliminary showing' that the affiant had intentionally or recklessly included a false statement in the affidavit, and that the false statement was material, in the sense that it was necessary to find probable cause." United States v. Schultz, 586 F.3d 526, 531 (7th Cir. 2009).[1]

Petitioner fails to specify any false information included in the affidavit. See United States v. Harris, 464 F.3d 733, 738 (7th Cir. 2006) (holding that "the defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the defendant should submit sworn statements of witnesses to substantiate the claim of falsity"). His conclusory statement that the informant provided false information falls short. See Shell v. United States, 448 F.3d 951, 958 (7th Cir. 2006) (holding that counsel could not be held

---

[1]As also indicated above, counsel did request a Franks hearing in this case, but on different grounds.

ineffective for failing to bring a <u>Franks</u> motion where the defendant offered no support for his

contention that the agent intentionally omitted information); <u>United States v. Souffront</u>, 338 F.3d

809, 823 (7th Cir. 2003) ("Souffront has failed to identify any false statement in the affidavit nor

has he established that there was a false statement material to probable cause. The

presumption of validity cannot be overcome by defendant's self-interested inferences and

conclusory statements."). Moreover, petitioner does not even allege that Randazzo

intentionally or recklessly included false information (or omitted facts required to prevent

technically true statements from being misleading). <u>See</u> <u>Schultz</u>, 586 F.3d at 531 ("The

standard is not whether the affidavit contains a false statement, but whether the affiant knew

or should have known that a statement was false."); <u>United States v. Hoffman</u>, 519 F.3d 672,

675 (7th Cir. 2008) (indicating that the defendant must demonstrate that the "affiant

intentionally or recklessly omitted material information"). Finally, petitioner makes no showing

that the excision of any particular information from the affidavit (or the inclusion of improperly

omitted facts) would defeat the showing of probable cause.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this action is

**DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district

court must issue or deny a certificate of appealability ("COA") when it enters a final order

adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

standard for making a "substantial showing" is whether reasonable jurists could debate whether

8

the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Petitioner also filed an application to proceed in forma pauperis. However, § 2255 actions carry no filing fee. See Rule 3, Rules Governing Section 2255 Proceedings advisory committee notes. Therefore, this motion (R. 2) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 26th day of June, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge